**Eastern District of Kentucky**
**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

FEB 2 1 2006

AT LONDON
**LESLIE G. WHITMER**
**CLERK U.S. DISTRICT COURT**

CIVIL ACTION NO. 05-187-GWU

FRANK BAKER,                                          PLAINTIFF,

VS:                          MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT,

## INTRODUCTION

Frank Baker brought this action to obtain judicial review of an unfavorable

administrative decision on his application for Disability Insurance Benefits (DIB).

The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for

judicial analysis of benefit denial cases:

1.      Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.      Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.      Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).
5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. 404.1521, 416.921.   The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term.  Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).   The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"  Landsaw v. Secretary of Health and Human Services,  803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).  The plaintiff is said to make out a _prima facie case by proving that she or he is unable to return to this work.  Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual."  20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820  F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Baker, a 43 year-old former coal miner with a ninth grade education, suffered from impairments related to coal worker's pneumoconiosis, depression, an anxiety disorder, and lumbar and cervical spine pain. (Tr. 16, 19).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 23).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.   (Tr. 23).   The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 22).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  The ALJ erred in evaluating Baker's physical condition.  However, the current record also does not mandate an immediate award of DIB.  Therefore, the Court must grant the plaintiff's summary judgment in so far as it seeks a remand of the action for further consideration and deny that of the defendant.

5

The hypothetical question presented to vocational Expert Daryl Martin included such physical limitations as a restriction to light level work, along with such non-exertional limitations as (1) an inability to use foot controls or pedal activity; (2) the need for a sit/stand option with frequent position change on an hourly basis; and (3) an inability to lift more than ten pounds. (Tr. 309). The ALJ also incorporated by reference the limitations identified at Exhibit 6f from Dr. Sudideb Mukherjee which included an inability to more than occasionally stoop and a need to avoid concentrated exposure to extreme cold or vibration. (Tr. 177-185). However, these restrictions do not appear well-supported in the medical record.

Dr. George Chaney, a treating source, indicated in October of 2004 that Baker would not be able to perform even sedentary level work with a sit/stand option for an eight-hour time period.   (Tr. 288).   These were more severe limitations than found by the ALJ and presented in the hypothetical question. Dr. Cesar Agtarap, another treating source, identified a number of very serious physical restrictions on a June, 2004 assessment form. (Tr. 246-249). While Dr. Agtarap indicated that improvement was expected within six months, this opinion at least suggests the possibility of more severe long-term restrictions than found by the ALJ and certainly does not provide support for the ALJ's findings.

The aforementioned Dr. Mukherjee was the only physician of record with which the physical factors of the ALJ's hypothetical question were consistent.[1] Dr. Mukherjee was a non-examining medical reviewer who saw the record in July of 2003. (Tr. 184). An ALJ may rely upon the opinion of a non-examiner over an

---

[1]The ALJ also referenced Exhibit 14f.  However, this assessment in neither signed nor dated and so, it cannot be considered by the Court since it is unclear whether this is the opinion of an "acceptable medical source" as defined in the federal regulations at 20 C.F.R. Section 404.1513.

examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). In the present action, Dr. Mukherjee did not have the opportunity to see and comment upon the opinions of either Dr. Chaney or Dr. Agtarap which came into the record well after his review. Therefore, his opinion could not be used to offset those of the actual examining sources. The ALJ should at least have obtained the opinion of a medical advisor who had seen the entire record. Therefore, a remand of the action is required.

The Court notes that some problems also exist with the ALJ's handling of the mental evidence of record. The ALJ purported to rely upon the opinion of Dr. Cesar Agtarap and Alison Jackson, a Licensed Professional Clinical Counselor, in Exhibit 16f to offset the more severe mental limitations indicated by Dr. Stephen Lamb, an examining consultant in Exhibit 7f. (Tr. 20). The vocational expert indicated that he saw nothing "disabling" in the limitations at 16f. (Tr. 308). However, the specific limitations indicated in this exhibit were not included in the hypothetical question presented to Martin which included the physical restrictions. (Tr. 308-309). The Court notes that the claimant's ability was rated as "fair" in a number of areas on Exhibit 16f including the ability to carry out detailed instructions, complete a normal workday or workweek, interact appropriately with the public, ask simple questions or request assistance, accept instructions and respond appropriately to criticism, get along with co-workers and peers, and maintain socially appropriate behavior. (Tr. 244-245). "Fair" was defined on the form as "the individual can perform the activity satisfactorily some of the time." (Tr. 244)(Emphasis added). These appear to be rather serious mental restrictions which if considered concurrently with numerous physical restrictions, might preclude all work. Therefore, upon remand, this issue needs

7

to be addressed.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion in so far as it seeks a remand of the action for further consideration and deny that of the defendant.   A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___Z/___ day of February, 2006.

G. WIX UNTHANK
SENIOR JUDGE

8